UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MARK MANDARANO,<br>      Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security<br>Administration,<br><br>      Defendant. | CIVIL ACTION<br>NO. 16-40148-TSH |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER (Docket No. 20) AND DEFENDANT'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION (Docket No. 26)**
**March 26, 2019**

HILLMAN, D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "SSA") denying the application of John Mark Mandarano ("Plaintiff") for Social Security Disability Insurance Benefits under Title II and Title XVI of the Social Security Act ("Act"). An administrative law judge (ALJ) found that Plaintiff was not disabled from May 24, 2012, his alleged onset date, through the date of the decision. Plaintiff filed a motion for judgment to reverse the decision of the Commissioner (Docket No. 20). The Commissioner filed a cross-motion seeking an order affirming the decision of the

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn W. Colvin. *See* Fed. R. Civ. P. 25(d).

1

Commissioner (Docket No. 26).[2] For the reasons set forth below, Defendant's motion is ___**granted**___ and Plaintiff's motion is ___**denied**___.

## Discussion

The parties are familiar with the factual history of this case and the applicable five-step sequential analysis. Accordingly, the court will review the procedural and substantive history of the case as it relates to the arguments set forth by the Plaintiff.

Plaintiff filed for Social Security benefits in February 2014, alleging disability as of May 24, 2012 (AR. 202-05, 206-14). The applications were denied initially and on reconsideration (AR. 67-104). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (AR. 140-41), and a hearing was held on April 8, 2015 at which Plaintiff appeared and testified (AR. 34-66). On July 24, 2015, the ALJ issued a decision finding that Plaintiff was not disabled (AR. 5-23). On September 1, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR. 1-4), making the ALJ's decision the final decision of the Commissioner Case. *See* 20 C.F.R. §§ 404.981, 416.1481.1 Plaintiff has exhausted all administrative remedies, and this case is now ripe for review.

*ALJ's Findings*

In evaluating the evidence, the ALJ followed the five-step procedure set forth in 20 C.F.R. § 404.1520(a)(4), but concluded that plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date (AR. 10). At step two, the ALJ found that Plaintiff had the following severe impairments: mild chronic

---

[2] A transcript of the Social Security Administration Official Record (*"AR."*) has been filed with the court under seal. (Docket No. 14). Citations to the AR page numbers are those assigned by the agency and appear on the lower right hand corner of each page.

obstructive pulmonary disease, cervical spondylosis, cervical spine stenosis, lumbar canal stenosis with neurogenic claudication, and status post bilateral wrist surgery for carpal tunnel syndrome with left wrist minor degenerative change (id.). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of any Listing (AR. 12). The ALJ then made the following finding about Plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[2] except [Plaintiff] would need to avoid heights and using ladders, ropes, or scaffolds. [Plaintiff] would be limited to no more than incidental exposure to the extreme cold and heat, fumes, dusts, gases, and humidity. [Plaintiff] would be limited to no more than 90 degrees left or right head movement. [Plaintiff] would need to avoid overhead lifting and reaching. [Plaintiff] would be limited to no more than frequent grasping, pinching, and twisting with the hands and arms.

(AR. 12). At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a warehouse supervisor and circuit-board tester (AR. 18). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of the Decision (AR. 18-19)

The ALJ next proceeded to step five, where he solicited the aid of a vocational expert. (Id. at 15, 35). The ALJ posed two hypotheticals to the vocational expert. In the first hypothetical, the ALJ inquired:

### **Discussion**

Plaintiff asks this Court to remand the Commissioner's denial of disability benefits for two reasons. First, he claims the Commissioner committed prejudicial error by failing to resolve an apparent conflict between the VE's testimony and the DOT regarding Plaintiff's ability to perform past relevant work relative to reaching. Second, he argues that the ALJ erred by failing to perform a function by function analysis of Plaintiff's lifting function.

**A. Standard of Review**

In reviewing a denial of Social Security disability insurance benefits, this Court may modify, affirm, or reverse a Commissioner's eligibility decision, with or without remanding for a new hearing. 42 U.S.C. § 405(g). While this Court reviews the legal standards applied below <u>de novo</u>, its review of the Commissioner's factual determinations is deferential. *See Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000) (clarifying that judicial review of Social Security determinations is limited to "determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence").

This Court will uphold the Commissioner's factual determination if it is supported by "substantial evidence," which exists "if a reasonable mind, reviewing the evidence on the record as a whole, could accept it as adequate to support the conclusion." *Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (quoting *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). It is the role of the Commissioner, and not this Court, to resolve conflicts in the evidence, make credibility determinations, and draw factual inferences. *Id.*

*SLJ's Failure to Comply with SSR 00-4p*

Plaintiff's main argument is that the ALJ did not clarify any potential conflicts between the vocational expert's testimony and the DOT (Dictionary of Occupational Titles ("DOT"), and therefore did not comply with SSR 00-4p. At the hearing, the ALJ posed a hypothetical question to a vocational expert ("VE") about a person with Plaintiff's background and RFC (AR. 60-63). In response, the VE testified that such a person could perform Plaintiff's past relevant work ("PRW") (AR. 63). The VE stated that her testimony was consistent with the DOT (AR. 64; see also AR. 59). The ALJ relied on the VE's testimony to find, at step four of the Agency's

sequential evaluation process, that Plaintiff was not disabled (AR. 18). Plaintiff was represented by the same attorney who is representing him before this Court. At the hearing, Plaintiff's attorney did not object to the VE's qualifications as a vocational expert or at any point during the VE's testimony and Plaintiff's attorney did not question the VE either about the DOT in general or about Plaintiff's inability to reach over his head in particular.

Social Security Ruling ("SSR") 00-4p "requires that, 'when vocational evidence provided by a [vocational expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the [vocational expert] evidence to support a determination or decision that the individual is or is not disabled.' SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000). However, the ALJ need only resolve such conflicts where they are apparent *and* have been identified. *Id*. at *2. *See Aho v. Comm'r of Soc. Sec*., No. 10-40052-FDS, 2011 WL 3511518, at *14 (D. Mass. Aug. 10, 2011).

In *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001), the First Circuit held that an applicant for Social Security disability benefits must raise any challenge to a hearing officer's analysis to the hearing officer or the Appeals Council in order to preserve that challenge for review by the district court. *Mills*, 244 F.3d at 8, 11. *See Cameron v. Berryhill*, 356 F. Supp. 3d 186, 192 (D. Mass. 2019). While Plaintiff argues that the ALJ is required to explain how conflicts between the VE's testimony and the DOT were resolved, this case falls within the rule of *Mills*. As the Commissioner notes, Plaintiff's attorney did not object to the V.E.'s testimony at the hearing on the grounds now raised. This omission "undermines Plaintiff's allegations that some substantial error occurred." *Pires v. Astrue*, 553 F. Supp. 2d 15, 26 (D. Mass. 2008) (and cases cited).

This Court agrees with the Commissioner that Plaintiff waived any argument that his prior work the ALJ did not clarify any potential conflicts between the vocational expert's testimony and the DOT by failing to raise it at the administrative level.

*Plaintiff's Lifting Restrictions*

Next, Plaintiff argues that the lifting restriction established by the ALJ did not adequately reflect his abilities. In particular, Plaintiff contends that the ALJ improperly discounted the credibility of his subjective complaints regarding his lifting ability. The ALJ found that Plaintiff was limited to a limited range of light work. could lift twenty (20) pounds at a time and frequently lift ten (10) pounds ("Lifting Restriction"). as defined in 20 CFR 404.1567(b) and 416.967(b):

> "Light work" requires lifting no more than twenty (20) pounds at a time with frequent lifting or carrying of objects weighing up to ten (10) pounds. Id.; 20 C.F.R. §§ 404.1567(b), 416.967(b). "Frequent" means that the activity or condition exists from one-third to two-thirds of the time. *See* Dictionary of Occupational Titles App. C (4th ed. 1991), 1991 WL 688702. "Light work" also requires standing or walking, off and on, for a total of approximately six hours during an eight-hour workday; sitting may occur intermittently during the remaining time. Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5.

Plaintiff also contends that the ALJ failed to perform a function by function analysis of Plaintiff's lifting ability, and instead only summarized the evidence in his decision. Social Security Ruling 96-8p, which discusses the process of determining an individual's RFC, requires the RFC assessment to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before expressing the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy and very heavy." SSR 96-8p, 1996 WL 374184, at *1. The function-by-function analysis focuses on the individual's "remaining exertional and non-exertional capacities" in view of the limitations and restrictions imposed by the medically determinable impairment(s). *Id*. at *5. "Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's

remaining abilities to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling." *Id*. The ruling mandates separate consideration of each of these work-related functions "even if the final RFC assessment will combine activities...." *Id*.

Although the ALJ failed to expressly perform the function-by-function analysis called for by SSR 96–8p, he made a series of findings that demonstrate by implication that he performed the requisite assessment. *See Gaudet v. Astrue*, 11-11894-RGS, 2012 WL 2589342, at *6. A proper RFC assessment addresses both the exertional (sitting, standing, walking, lifting, carrying, pushing, and pulling) and non-exertional capacities of a claimant. *See* SSR 96–8. The ALJ concluded that Plaintiff had the RFC to perform light work, with exceptions. The ALJ considered whether Plaintiff could tolerate exposure to heights; use ladders, ropes, or scaffolds; could tolerate exposure to extreme cold, extreme heat, fumes, dusts, gases, and humidity; could move his head to the left or right; could lift and reach over his head; and whether he could grasp, pinch, and twist with his hands and arms. Considering the medical evidence and Plaintiff's subject complaints and testimony, the ALJ determined that Plaintiff could lift twenty (20) pounds at a time and frequently lift ten (10) pounds. In evaluating Plaintiff's RFC, the ALJ applied the function-by-function assessment.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Reverse Decision of the Commissioner (Docket No. 20) is ***denied*** and Defendant's Motion for Order Affirming the Commissioner's Decision (Docket No. 26) is ***granted***.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE